UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LESLIE HOWARD, JR., | : |
| | : CASE NO. 3:05cv0005 |
| Plaintiff, | : |
| | : JUDGE WALTER H. RICE |
| vs. | : |
| | : |
| HHA SERVICES, INC., | : DECISION AND ORDER |
| | : GRANTING DEFENDANTS' |
| Defendant. | : MOTION TO DISMISS OR FOR |
| | : SUMMARY JUDGMENT |

---

Plaintiff, Leslie Howard, Jr., filed this action against Defendant, HHA Services, Inc. ("HHA"), for alleged discrimination under Ohio law and breach of employment contract. This matter is now before the Court upon the Defendant's unopposed motion to dismiss or for summary judgment pursuant to Rules 12(b)(1), 12(b)(6) and 56 (Doc. No. 4). Because the determination of the Defendant's motion to dismiss requires reference to material outside the pleadings, it will be treated as a motion for judgment as a matter of law under Rule 56. For the reasons stated herein, this motion is granted, and judgment will be entered in favor of the Defendant HHA.

### Factual Background

HHA provides management and laundry maintenance services to hospitals throughout the United States. Plaintiff, an African American, was employed by defendant HHA from December 10, 1997, until November 1, 2002, when he resigned as Director of Environmental Services of Dearborn County Hospital in Indiana. On August 12, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that HHA had discriminated against him on the basis of his race by failing to promote him to a

similar position at another location. On October 31, 2002, the EEOC issued a Dismissal and Notice of Rights, informing Mr. Howard that it had found no violation of the law by HHA and notifying him that he had 90 days from his receipt of the notice to file a lawsuit on his Title VII claims. Plaintiff eventually filed this action on January 7, 2005, alleging that HHA had violated Ohio's anti-discrimination laws and had breached an employment contract with him through the failure to promote him.[1]

Before he was hired by HHA, Plaintiff signed and submitted on November 11, 1997, an employment application that contains an arbitration provision covering any employment-related dispute. By signing the application, Plaintiff agreed "that any employment related dispute shall be submitted to and settled by arbitration according to the then existing rules of the American Arbitration Association in Detroit." The agreement contained in Plaintiff's application also contains a waiver of any statute of limitations period beyond six months; specifically, Plaintiff agreed "not to commence any employment-related action or complaint with HHA Services more than six months after such claim or incident arises, and to waive any statute of limitations to the contrary."

### Plaintiff's Failure to Prosecute

Defendant submitted affidavits and other evidence in support of its motion, but Plaintiff failed to submit opposing evidence or to make any other response to the motion; in a telephone status conference with the Court on April 21, 2005, his counsel indicated Plaintiff would not file any reply. Accordingly, the Defendant is entitled to judgment in its favor because of Plaintiff's failure to make a proper response to the dispositive motion, under Rule 56(e), and because of

---

[1] Plaintiff's Complaint also included a claim for violation of Title VII of the Civil Rights Act of 1964; however, this claim was not filed within the statutory 90 days from his receipt of the EEOC notice, a jurisdictional prerequisite for such a claim. Upon demand from the Defendant, Plaintiff voluntarily dismissed that portion of his Complaint in a motion filed on February 4, 2005 (Doc. No. 2) and granted on February 28, 2005 (Doc. No. 3).

Plaintiff's failure to prosecute this case under Rule 41(b). The undisputed evidence before the Court also supports judgment in favor of Defendant on the merits. Each of the grounds for judgment on the merits will be discussed separately.

### Subject Matter Jurisdiction

This Court lacks jurisdiction over the subject matter of this litigation because of the arbitration provision contained in Plaintiff's employment application. The Federal Arbitration Act ("FAA") – which, as the Supreme Court has made clear, applies to virtually all contracts of employment[2] – mandates that district courts refer parties to arbitration on any issues that they have agreed to arbitrate. <u>Circuit City Stores, Inc. v Adams</u>, 532 U.S. 105 (2001); <u>Dean Witter Reynolds, Inc. v Byrd</u>, 470 U.S. 213, 218 (1985); <u>Orcutt v Kettering Radiologists, Inc.</u>, 199 F. Supp. 2d 746, 749 (S.D. Ohio 2002)(Rice, J.). The parties in this case specifically agreed to arbitrate <u>any</u> employment-related disputes, clearly encompassing Plaintiff's allegation of employment discrimination as well as his claim for breach of an employment contract. Accordingly, the Plaintiff's claims may be presented only through arbitration, not in this Court, and Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

### Timeliness of the Complaint

HHA further asserts that Plaintiff's claims are barred because he failed to bring these claims within six months after the claims arose, as required in the agreement contained in his employment application. This assertion is well taken. Plaintiff alleged that he learned on April 11, 2002, that he had been denied a promotional opportunity, he filed an EEOC charge on August 12, 2002, and he resigned from HHA on November 1, 2002. However, he did not file his Complaint with this Court until February 7, 2005 – two years and nine months after the alleged

---

[2] The employment application is an employment contract that is enforceable under the FAA. See <u>Thurman v DaimlerChrysler, Inc.</u>, 116 Fed. Appx. 638, 642; 2004 U.S. App. Lexis 24306; 2005 Fed App. 0032P (6th Cir. 2004).

act of discrimination and two years and two months after he resigned his employment – long after the agreed six-month limitations period.

The Sixth Circuit has held that a contractual agreement for an abbreviated statute of limitations period, such as the six-month period in this case, is both reasonable and enforceable. Thurman v DaimlerChrysler, Inc., 116 Fed. Appx. 638, 643, 2004 U.S. App. Lexis 24306, 2005 Fed App. 0032P (6th Cir. 2004). Accordingly, the Defendant is entitled to judgment as a matter of law on the grounds of Plaintiff's untimely filing.

It is therefore ORDERED that:

1. Plaintiff Leslie Howard, Jr.'s Complaint is DISMISSED on the merits and is also DISMISSED under Rules 41(b) and 56(e) for Plaintiff's failure to file a response to a dispositive motion and otherwise prosecute this case;

2. Defendant HHA Services, Inc.'s Motion to Dismiss or for Summary Judgment (Doc. No. 4) is GRANTED; and

3. This case is terminated on the docket of this Court.

_____
Walter Herbert Rice
Senior United States District Judge

**8-1-05**
Date